UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WEATHERWAX, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | Case No. 3:19cv1502(KAD) |
| | : | |
| WARDEN KRISTINE BARONE, ET AL., | : | |
|     Defendants. | : | |

## INITIAL REVIEW ORDER – AMENDED COMPLAINT

**Preliminary Statement**

Plaintiff, John Weatherwax ("Weatherwax"), currently incarcerated at the MacDougall-Walker Correctional Institution ("MacDougall-Walker") in Suffield, Connecticut, initiated this civil rights action by filing a complaint against Warden Kristine Barone, Deputy Warden Jeannotte, Captain Claudio and Nurse Jane Doe. Weatherwax alleged that the defendants were deliberately indifferent to his safety and his medical needs in connection with an incident during which his cellmate assaulted him. On January 28, 2020, Weatherwax filed a motion to amend his complaint to withdraw all claims against these defendants and to assert claims against the Department of Correction and Alice Scott-Hinton, R.N. The Court granted the motion to amend on April 6, 2020 and now undertakes a review of the amended complaint under 28 U.S.C. §1915A.

**Allegations**

The allegations in the amended complaint essentially mirror the allegations in the complaint related to the facial and rib injuries that Weatherwax suffered during the June 30, 2019 assault by his cellmate. *See* Am. Compl., ECF No. 12-1, at 2-5 ¶¶ 6-26. Weatherwax asserts that during the altercation on June 30, 2019, his cellmate broke two of his ribs and inflicted

bruises to his head, face, neck and ribs and a five-inch laceration to the left side of his face. *Id.*

at 2-4 ¶¶ 9, 17. Nurse Scott-Hinton applied steri-strips to the laceration on Weatherwax's face

rather than sending him to the hospital for sutures. *Id.* at 4-5 ¶¶ 19-20. Weatherwax complained

to Nurse Scott-Hinton that his ribs were very painful and bruised but Nurse Scott-Hinton refused

to evaluate or treat the injuries to his ribs and did not prescribe him medication for the pain

caused by his injuries. *Id.* at 4-5 ¶¶ 15-18, 21. Nurse Scott-Hinton suggested that Weatherwax

file a written request to receive treatment for any injuries to his ribs.

After Nurse Scott-Hinton had finished evaluating and treating Weatherwax's injuries,

correctional officers escorted Weatherwax to the restrictive housing unit. *Id.* at 5 ¶ 22. He

remained in the restrictive housing unit for fifteen days and complained every day about the

severe pain in his rib cage. *Id.* ¶¶ 23-24. On August 5, 2019, x-rays were taken of

Weatherwax's left rib cage which revealed fractures of the 7th and 8th ribs. *Id.* ¶¶ 25.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints

against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary

relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the

court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest

arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)

(internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of

Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

**Discussion**

Weatherwax alleges that Nurse Scott-Hinton and the Department of Correction were deliberately indifferent to his medical needs in violation of the Eighth Amendment. For relief, Weatherwax seeks punitive and compensatory damages.

### Department of Corrections

Weatherwax describes his claim against the Department of Correction as one of "municipal liability . . . for the systemic deficiencies in medical perso[n]nel qualified to make a professional judgment treat and diagnose patients in an overcrowded, understaffed correctional facility." Am. Compl. at 6 ¶ 28. Connecticut's Department of Correction, however, is not a municipality. To state a claim under section 1983, Weatherwax must allege that the defendant, a person acting under color of state, law deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). A state agency is not a person within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (and "governmental entities," like state agencies, "that are considered arms of the State," are not persons within meaning of 42 U.S.C. § 1983) (internal quotation marks and citation omitted).

3

The Department of Correction is part of the executive branch of the State of Connecticut. *See* Conn. Gen. Stat. 4-38c ("There shall be within the executive branch of state government the following departments . . . Department of Correction. . . .").  Accordingly, the Department of Correction is not a person subject to liability under section 1983.  *See El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2018 WL 4604308, at *11 (D. Conn. Sept. 25, 2018) ("A correctional institution is not a "person" within the meaning of 42 U.S.C. § 1983 so there is no arguable legal basis for proceeding with a § 1983 claim against [New Haven Correctional Center]"); *Vaden v. Connecticut*, 557 F. Supp. 2d 279, 288 (D. Conn. 2008) ("Department of Correction is an arm of the State of Connecticut") (citation omitted).  All claims against the Department of Correction are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

### Nurse Scott-Hinton – Official Capacity

To the extent that Weatherwax seeks compensatory and punitive damages from Nurse Scott-Hinton in her official capacity, those claims are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  The claims against Nurse Scott-Hinton in her official capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

### Nurse Scott-Hinton – Individual Capacity

The Eighth Amendment prohibits "deliberate indifference to an inmate's serious medical needs."  *Estelle v Gamble*, 429 U.S. 97, 104 (1976).  An inmate must meet two elements to state

a claim that a prison official or medical provider was deliberately indifferent to his medical needs. The objective element requires the inmate to assert facts to demonstrate that his medical need or condition is serious. *Hill v. Curcione*, 657 F.3d 116, 122–23 (2d Cir. 2011) (a serious medical need contemplates "a condition of urgency" such as "one that may produce death, degeneration, or extreme pain") (internal quotation marks and citation omitted). In determining whether a condition is serious, the Court considers whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).

The second element is subjective. To meet this element, the inmate must allege that the prison official or medical provider was actually aware that his actions or inactions would cause a substantial risk of serious harm. *See Hill*, 657 F.3d at 122 (citation omitted). Mere negligent conduct, however, does not constitute deliberate indifference. *See id.* at 123 ("'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'") (quoting *Estelle*, 429 U.S. at 106. Nor does a difference of opinion between a medical provider and an inmate regarding a diagnosis or appropriate medical treatment. *Chance*, 143 F.3d at 703.

### Broken Ribs

Weatherwax has asserted sufficient facts to state a plausible claim that on June 30, 2019, he suffered from a serious medical condition – bruised, painful and broken ribs. *See Griffin v. Donelli*, No. 05-CV-1072(TJM/DRH), 2010 WL, 681394, at *8 (S.D.N.Y. Feb. 24, 2010) (broken rib met seriousness); *Torres v. N.Y.C. Dep't of Corr.*, No. 93-CV-6296(MBM), 1995 WL

63159, at * 1 (S.D.N.Y. Feb, 15, 1995) (broken rib could be sufficiently serious).  Weatherwax's allegations that Nurse Scott-Hinton refused to treat his painful rib injury state a plausible claim of deliberate indifference.  This Eighth Amendment claim will proceed against Nurse Scott-Hinton in her individual capacity.

### Facial Laceration

Weatherwax alleges that he suffered a five-inch "gash" or laceration to his face during the altercation with his cellmate.  He asserts that officers escorted him to the medical unit for treatment and that Nurse Scott-Hinton applied steri-strips to close the laceration.  Weatherwax contends that he has a scar from the laceration because Nurse Scott-Hinton chose to treat it by applying steri-strips instead of sending him to a hospital to receive sutures.

Assuming, for purposes of the Court's initial review, that the "gash" was a sufficiently serious condition, *see Morehouse v. Vasquez*, No. 17-CV-4836 (KMK), 2020 WL 1049943, at *18 (S.D.N.Y. Mar. 4, 2020) ("District courts in the Second Circuit have consistently held that bruises, lacerations, cuts, black eyes, and other superficial injuries are "not sufficiently serious to support" a deliberate indifference claim.")[1],  Weatherwax does not allege that Nurse Scott-Hilton ignored or refused to treat it.  Rather, he alleges that in his opinion the laceration required sutures, not the steri-strips used by the defendant. These allegations, at most, reflect a disagreement with the course of medical treatment provided to Weatherwax.  Such a claim does

---

[1] *See also, El-Massri*, 2018 WL 4604308, at *9 ("Absent additional allegations of infection, profuse bleeding, and/or other complications, a 'superficial' cut does not rise to the level of a 'serious medical need.'"); *Young v. Choinski*, 15 F. Supp. 3d 172, 183 (D. Conn. 2014) (cuts and abrasions on plaintiff's arms failed to constitute a "serious medical need" where he failed to allege that they "significantly interfered with his daily activities or caused him substantial or chronic pain"); *Lumaj v. Williams*, No. 03 CIV. 1849 (PKC), 2004 WL 1207894, at *4 (S.D.N.Y. June 2, 2004) (Even accepting for purposes of this motion plaintiff's self-diagnosis that the scars "seem to be permanent", plaintiff has not alleged that such scars have interfered with any daily activities in his life, or even that it has caused him chronic or substantial pain. . . . Under the circumstances, I find that plaintiff has failed adequately to allege the objective component of a deliberate indifference claim.").

not amount to deliberate indifference. *See Chance*, 143 F.3d at 703 ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Hill*, 657 F.3d at 123 ("[W]e have noted that the essential test is one of medical necessity and not one simply of desirability.") (internal quotation marks and citation omitted); *Munoz v. Eliezer*, No. 16-CV-6049 (NSR), 2018 WL 1626170, at *6 n.5 (S.D.N.Y. Mar. 30, 2018) (inmate's allegation that he should have been transferred to the hospital for treatment of broken ribs and dislocated shoulder "amounts to nothing more than a preference of treatment, not recoverable under the Eighth Amendment."); *Rodriguez v. Westchester Cty. Jail Corr. Dep't*, No. 98 CIV. 2743(RPP), 2003 WL 1907963, at *5 (S.D.N.Y. Apr. 17, 2003) ("Plaintiff's claim that Defendant disregarded an obvious need for "real stitches" and instead used butterfly stitches to treat the cut over his left eyebrow, which resulted in a "permanent ugly and noticeable" scar . . . , is, at most, an allegation of negligence and evidence of a difference of opinion about the preferred medical treatment."); *Polletta v. Farinella*, No. 11-CV-660, 2012 WL 6115101, at *2 (D. Conn. Dec. 10, 2012) ("That [the] [p]laintiff did not receive the treatment of his choice, i.e., being taken to an outside hospital, is insufficient to state a claim for deliberate indifference."); *Sonds v. St. Barnabas Hosp. Correctional Health Sys.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim.").

The treatment provided by Nurse Scott-Hinton, steri-strips to close the laceration on Weatherwax's face, may not have been what Weatherwax desired, but it does not rise to the level of deliberate indifference. Furthermore, even if Nurse Scott-Hinton was negligent in her assessment and treatment of the facial laceration, such conduct does not constitute deliberate indifference. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation"); *Rodriguez*, 2003 WL 1907963, at *5 (inmate's allegation that medical providers at prison facility "disregarded an obvious need for "real stitches" and instead used butterfly stitches to treat the cut over his left eyebrow, which resulted in a "permanent ugly and noticeable" scar . . . , is, at most, an allegation of negligence. . . .").

In sum, these allegations do not state a plausible Eighth amendment claim for deliberate indifference to a serious medical need and this claim is dismissed. 28 U.S.C. § 1915A(b)(1).

## ORDERS

The court enters the following orders:

(1) The claims against Nurse Scott-Hinton in her official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). All claims against the Department of Correction are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth Amendment claim against Nurse Scott-Hinton arising out of her use of steri-strips to treat the laceration on Weatherwax's face is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment claim against Nurse Scott-Hinton, in her individual capacity, arising out of the treatment (or lack thereof) for Weatherwax's broken ribs shall proceed.

(2)     On or before April 27, 2020, the Clerk shall verify the current work address of Alice Scott-Hinton, RN, and mail a copy of the Amended Complaint, the Complaint, [ECF No. 1], the Initial Review Order, [ECF No. 7], this Order, and a waiver of service of process request packet to Nurse Scott-Hinton in her individual capacity at her confirmed address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of the request. If Nurse Scott-Hinton fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service and Scott-Hinton shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     Defendant Scott-Hinton shall file her response to the amended complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to her.  If she chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claims recited above.  She may also include any and all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by October 6, 2020. Discovery requests need not be filed with the court.

(5)     All motions for summary judgment shall be filed on or before November 6, 2020.

(6)     The Clerk shall send a copy of the Amended Complaint and this Order to the Connecticut Attorney General and to the Department of Correction Legal Affairs Unit.

(7)     Nurse Scott-Hinton and Weatherwax must comply with the Standing Order Re: Initial Discovery Disclosures issued on November 22, 2019.  *See* ECF No. 8.  The Clerk shall mail a copy of the Standing Order Re: Initial Discovery Disclosures and a copy of this Ruling and Order to the plaintiff.

SO ORDERED at Bridgeport, Connecticut this 6th day of April, 2020.

___/s/_____
Kari A. Dooley
United States District Judge